UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANTE GAMBOA,

                              CASE NO.:
                              **Jury Trial Demanded**

v.

**COMENITY BANK and PORTFOLIO
RECOVERY ASSOCIATES, LLC,**

     **Defendants.**

_____/

## COMPLAINT FOR DAMAGES

DANTE GAMBOA files suit against COMENITY BANK and PORTFOLIO

RECOVERY ASSOCIATES, LLC, and states as follows:

## NATURE OF ACTION

1.     Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq*., the

Fair Debt Collection Practices Act ("FDCPA"); and 47 U.S.C. § 227 *et seq*., the

Telephone Consumer Protection Act ("TCPA"). Fundamentally, this case concerns

the Defendants' refusal to respect Plaintiff's personal legal rights in their attempts

to collect an alleged debt.

## JURISDICTION AND VENUE

2.    Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the FDCPA, 15 U.S.C. § 1692 *et seq.*, and TCPA, 47 U.S.C. § 227 *et seq.* See <u>Mims v. Arrow Fin. Serv., LLC</u>, 132 S.Ct. 740, 753 (2012).

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Northern District of Georgia. Plaintiff suffered the injury in DeKalb County, Georgia.

## PARTIES

4.    Plaintiff, Dante Gamboa ("Mr. Gamboa" or "Plaintiff"), is a natural person who resides in DeKalb County, Georgia.  Plaintiff is also a consumer under under 15 U.S.C § 1692a(3) and a "person" as that term is used in 47 U.S.C. § 227.

5.    Defendant, Comenity Bank, a Delaware bank ("Comenity" or "Defendant"), does business in the State of Georgia, and is a "person" under 47 U.S.C. § 227.

2

6.     Defendant, Portfolio Recovery Associates, LLC, a Delaware limited liability company ("Portfolio" or "Defendant"), does business in the State of Georgia, and is a "debt collector" under 15 U.S.C § 1692a(6).

7.     Defendants, in the conduct of their business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

8.     The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others.  The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## **BACKGROUND**

9.     Beginning in approximately November 2013, Mr. Gamboa began to receive multiple telephone calls from Comenity to his cell phone in an attempt to collect a debt (the "Debt"). Comenity called and stated that Mr. Gamboa had a

personal obligation on the Debt.  The Debt is a personal debt that was used for personal and household purposes; therefore, the Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

10.     Beginning in approximately October 2015, Mr. Gamboa also began to receive multiple telephone calls from Portfolio to his cell phone in an attempt to collect the Debt. The debt on which Portfolio called was assigned to Portfolio from Comenity.

11.     Mr. Gamboa told representatives of Defendants to stop calling his cell phone.

12.     Nevertheless, Defendants continued to repeatedly call Mr. Gamboa's cell phone in an effort to collect the Debt.

13.     Comenity called from, at least, the following phone numbers:

913-563-5511

614-729-5607

303-255-5352

14.     Portfolio called from, at least, the phone number 731-256-9337.

15.    All calls made by Defendants to Mr. Gamboa's cell phone were made by an automated telephone dialing system without Mr. Gamboa's consent.  This was evidenced when Mr. Gamboa would answer and hear either an automated voice or prerecorded message, a click, beep, or delay prior to Mr. Gamboa having been connected to an operator.

16.    As detailed below, Defendants' conduct constitutes a violation of the FDCPA or TCPA.

## COUNT I

## VIOLATION OF THE FDCPA BY DEFENDANT PORTFOLIO

17.    This is an action against Portfolio for violation of 15 U.S.C. § 1692 *et seq*.

18.    Plaintiff re-alleges and incorporates paragraphs 1 through 16 as fully set forth herein.

19.    The FDCPA provides, in pertinent part:

## 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

5

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

20.     Through its conduct, described above, Portfolio directly and through its agents violated the above sections of the FDCPA.

21.     As a result of Portfolio's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

22.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Portfolio has violated the FDCPA; awarding

Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

## VIOLATIONS OF THE TCPA BY COMENITY

23.   This is an action against Comenity for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

24.   Plaintiff re-alleges and reincorporates paragraphs 1 through 16, as if fully set forth herein.

25.   Comenity, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

26.   Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

7

27.    Comenity violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone without Plaintiff's express consent by using an automatic telephone dialing system.

28.    Comenity willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

29.    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

30.    As a result of the above violation of the TCPA, Comenity is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

31.    Based upon the willful, knowing, and intentional conduct of Comenity as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court enter a judgment against Comenity: (1) finding Comenity violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Comenity willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated:  June 29, 2016

Respectfully Submitted,
**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:    (813) 336-0832

/s/ Sumeet Shah
**SUMEET SHAH, ESQ.**
Georgia Bar No. 122408
e-mail: sshah@centroneshrader.com
Attorney for Plaintiff

9

## VERIFICATION OF COMPLAINT AND CERTIFICATION
## BY PLAINTIFF DANTE GAMBOA

I, Dante Gamboa, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____          3-23-2016
Dante Gamboa                     _____
                                 Date

10